UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNA STAFFORD and MINOR CHILD ASHER**, | Civil Case No. 3:14-cv-00483-KI |
| Plaintiffs, | OPINION AND ORDER DISMISSING CASE |
| v. | |
| **VINCENT BERNABEI,** | |
| Defendant. | |

Anna Stafford
2715 Jill Place
Port Hueneme, CA 93041

    Pro Se Plaintiff

KING, Judge:

Plaintiffs Anna Stafford and minor child Asher bring a case against Vincent Bernabei, alleging diversity jurisdiction. A party seeking to institute a civil action must pay a filing fee of

Page 1 - OPINION AND ORDER DISMISSING CASE

$400.00, consisting of $350.00 pursuant to 28 U.S.C. § 1914 and a $50.00 administrative fee. An action may proceed without the prepayment of a filing fee only upon a proper application to proceed *in forma pauperis*. 28 U.S.C. § 1915. Stafford has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*.

Even if Stafford paid the filing fee or submitted an application to proceed *in forma pauperis*, the Complaint may be dismissed. *Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

For the following reasons, I dismiss the Complaint with leave to amend.

## BACKGROUND

Stafford alleges the following:

Two emails were sent by The Stafford Family June and July 2013 to Mr. Vince Bernabei asking him to stop appearing. Mr. Vince Bernabei showed false appearance in Multnomah County Case 1709-70323 in August 2013, and signed a divorce document in September 2013 without notifying Ms. Anna Stafford and continued to falsely act as her legal representative.

Mr. Vincent Bernabei charged her $650 for the false appearance.

The Stafford family suffered from the false appearance and forgery. The Stafford Family must pay child support, put a life insurance policy in the ex's name, pay son's medical until he is 21, and pay court fees associated which top over four times the Stafford Family 2013 salary of $4,000.

Page 2 - OPINION AND ORDER DISMISSING CASE

Compl. Claim I. Stafford seeks $550 million dollars "for the inconvenience of the Stafford stolen identity and false representation." Compl. Relief.

Although not entirely apparent, Stafford brings this action against her former lawyer arising out of the six months he represented her in dissolution and custody litigation filed in Multnomah County Circuit Court. See In re: Heifetz Adam J./Anna R., No. 120970323 (Mult. Cnty. Cir. Ct. filed Sept. 17, 2012).[1]

Since I have reviewed several previous versions of this Complaint, brought against Stafford's ex-husband, his parents and their company, and the psychologist who testified in the custody proceeding, I am familiar with the facts. See Stafford v. Heifetz Halle Consulting Group, LLC, No. 3:13-CV-1057-KI, 2013 WL 4501048 (D. Or. Aug. 21, 2013); Stafford v. Heifetz, No. 3:13-CV-1963-KI (D. Or. Dec. 23, 2013); Stafford v. Ransford, No. 3:13-CV-1454-KI, 2014 WL 198783 (D. Or. Jan. 15, 2014); Stafford v. Heifetz, No. 3:14-CV-484-KI (D. Or. Mar. 25, 2014). In the first referenced proceeding, I allowed Stafford an opportunity to amend her complaint, but found even her Amended Complaint failed to state a claim against the defendant LLC.

**DISCUSSION**

Stafford fails to state a claim against the defendant. Under Oregon law, an "action for negligence by an attorney" requires the plaintiff to prove the following elements: duty, breach of duty, causation, and damages. Harding v. Bell, 265 Or. 202, 204, 508 P.2d 216 (1973). "In

---

[1] The Court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes facts in the public record since they "are readily verifiable." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

pleading a legal malpractice action, the client must allege facts sufficient to show the existence of a valid cause of action or defense which, had it not been for the attorney's alleged negligence, would have brought about a judgment favorable to the client in the original action." Id. "[A] breach of ethical duty does not necessarily give rise to damages or a cause of action." Allen v. Lawrence, 137 Or. App. 181, 190 n.7, 903 P.2d 919 (1995). Here, Stafford fails to allege how Bernabei's appearance in the case for a total of six months, and refusal to withdraw when Stafford initially requested it, damaged her or put her in a worse position than she would have been had she proceeded without him. In other words, Stafford will need to show that but for defendant's impermissible representation of her, she would not have been responsible for the child support, life insurance policy, medical care and court fees that she contends she now owes because of defendant's alleged negligence. See Watson v. Meltzer, 247 Or. App. 558, 566, 270 P.3d 289 (2011) (plaintiff required to demonstrate that "she would have obtained a more favorable result but for the negligence of the defendant").

Additionally, I note for Stafford's benefit that while "'[t]here is no single measure of damages in a legal malpractice case . . . [g]enerally, . . . the measure of damages . . . is the amount the client would have recovered but for the attorney's negligence.'" Hamilton v. Silven, Schmeits & Vaughan, No. 2:09-CV-1094-SI, 2013 WL 2318809, at *8 (D. Or. May 28, 2013) (quoting 7A C.J.S. Attorney & Client § 335). Oregon law generally prevents the recovery of emotional distress damages in a legal malpractice suit. Hilt v. Bernstein, 75 Or. App. 502, 515, 707 P.2d 88 (1985) (trial court did not err in striking the plaintiff's allegations that sought emotional distress damages related to the defendant attorney's malpractice in handling her divorce). Accordingly, Stafford's $550 million demand for relief cannot be a realistic estimate of

Page 4 - OPINION AND ORDER DISMISSING CASE

the actual damage she may have suffered. Additionally, because Stafford alleges jurisdiction on the basis of diversity, she should know that the amount in controversy must exceed $75,000 and a complaint is subject to dismissal if the amount alleged is made in "bad faith," i.e. solely to invoke diversity jurisdiction. <u>Crum v. Circus Circus Enters.</u>, 231 F.3d 1129, 1131 (9th Cir. 2000).

Stafford's complaint is dismissed without prejudice. I will allow her 30 days from the date of this order to file an amended complaint to the extent she can plead a claim as explained above. If she fails to amend the complaint within 30 days from the date of this order, and fails to either pay the $400 filing fee or file an application to proceed *in forma pauperis*, I will dismiss the action with prejudice.

## CONCLUSION

Because the action fails to state a claim upon which relief may be granted, I dismiss this action without prejudice. If Stafford fails to amend the complaint within 30 days, and either fails to pay the $400 filing fee or file an application to proceed *in forma pauperis*, I will dismiss the action with prejudice.

IT IS SO ORDERED.

DATED this    7th    day of   April  , 2014.

   /s/ Garr M. King   
GARR M. KING
United States District Court Judge